UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>  Plaintiff,<br><br>  v.<br><br>N.P. JOSEPH DRAGON; MD ANDKUMAR RAVI,<br><br>  Defendants. | Case No.  2:20-cv-00146-ADA-HBK (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION TO DISMISS AS PREMATURE UNTIL SCREENING ORDER ISSUES AND REQUEST TO TAKE JUDICIAL NOTICE; DEFERRING RULING ON MOTION TO CONSOLIDATE<br><br>(Doc. Nos.  49, 51, 54) |

Pending before the Court is the motion to dismiss filed on behalf of Defendant Nandakumar Ravi, M.D. on May 19, 2022. (Doc. No. 49). Defendant also requests that the Court take judicial notice of certain documents in support of his motion to dismiss. (Doc. No. 51). Plaintiff filed a response in opposition.[1] (Doc. No. 53).

Also pending before the Court is Plaintiff's motion to consolidate the instant action with *Rios v. Spearman*, No. 1:19-cv-01009-DAD-HBK (PC)(E.D. Cal. 2019) under Federal Rule of Civil Procedure 42 and Local Rule 230. (Doc. No. 54).

For the reasons discussed below, the Court finds the motion to dismiss is premature, and due to be denied, without prejudice, because the Court has not yet issued a screening order on the

---

[1] Appointed counsel for Plaintiff notes that the Court order appointing him was for the limited purpose of filing a FAC. (Doc. No. 53 at 3). Since the FAC was filed, appointed counsel suggested his removal from the docket is appropriate, which the Court granted by separate order. (Doc. No. 53 at 3, Doc. No. 60).

operative complaint.  Likewise, Defendant's request to take judicial notice in support of the motion to dismiss is premature.  Finally, the Court defers ruling on the motion to consolidate until the Court screens the operative pleading.

## BACKGROUND

**Review of case history**

Plaintiff Israel Rios, a prisoner, initiated this action proceeding pro se by filing a civil rights complaint on January 21, 2020.  (Doc. No. 1).  The initial complaint named two defendants from High Desert State Prison: Delmar Greenleaf, M.D., and FNU Dillard, who was identified as a counselor.  (*Id.* at 2).  The facts giving rise of the complaint spanned 2017 through 2019 and concerned the medical treatment Plaintiff received at High Desert in relation to his gallstone diagnosis.  (*Id.*).  Plaintiff had "excruciating pain" until surgery was done in June 2019.  (*Id.*).

On March 20, 2020, the assigned magistrate judge at that time screened the complaint and found it stated a cognizable claim against Defendant Greenleaf, but not against Delagarza-Dillard.  (Doc. No. 8 at 4).  The screening order noted that following Plaintiff's return of materials for service of process on Greenleaf, then the Court would "construe plaintiff's election as consent to dismissal of all claims against defendant Delagarza-Dillard without prejudice."  (*Id.*).  On March 16, 2020, Plaintiff submitted the service documents for Defendant Greenleaf.  A few days later, the Court directed e-service on Defendant Dr. Greenleaf.  (Doc. No. 12).  Defendant Greenleaf returned the waiver of service, moved to be excluded from the post-screening ADR project, and filed his answers and affirmative defenses.  (Doc. Nos. 16, 18, 21).  A discovery and scheduling order issued July 23, 2020.  (Doc. No. 22).  Discovery ensued and defendant moved for summary judgment.  (Doc. No. 29).  On October 19, 2021, the magistrate judge assigned at that time issued an order vacating Defendant's motion for summary judgment and referred the case to the Court's *pro bono* panel to find an attorney for the limited purpose of drafting an amended complaint.  (Doc. No. 43).

On April 4, 2022, Plaintiff, proceeding with court appointed counsel, filed a first amended complaint and a notice of related actions concerning case number 1:19-cv-01009-DAD-HBK and the instant case 2:20-cv-0146-TLN-KJN.  (Doc. Nos. 46, "FAC"; 47).  The FAC no longer names

Greenleaf as a Defendant and instead names as Defendants Joseph Dragon, N.P. and Nandkumar Ravi, M.D. (*Id.* at 1). There are no executed service forms reflecting service of process of the FAC occurred. (*See* docket). Nevertheless, Defendant Ravi filed a motion to dismiss on May 19, 2022. (*See* docket; *see also* Doc. No. 49). On April 25, 2022, this case was re-assigned to the undersigned United States magistrate judge. (Doc. No. 48). The undersigned now turns to address Defendant Ravi's motion to dismiss.

**Motion to Dismiss**

Defendant Dr. Ravi seeks to dismiss the FAC and raises the following arguments: (1) proper service of the FAC has not been effected on Ravi; (2) Plaintiff has failed to state a cause of action under the Eighth Amendment against Ravi; (3) the claim arising under California law for medical negligence is barred by the applicable statute of limitations. (*See generally id.*). Defendant requests that the Court take judicial notice in support of the motion to dismiss matters of public record and refer to pleadings and orders mainly filed in case number 1:19-cv-01009-DAD-HBK. (*See generally* Doc. No. 51).

Plaintiff opposes the motion to dismiss and files a supporting declaration. (Doc. Nos. 53, 53-1). Plaintiff argues the motion to dismiss is premature because the Court has not screened the FAC as its required to do under the Prison Litigation Reform Act. (*Id.* at 1, 3-4). Alternatively, addressing the merits, Plaintiff asserts that taking the facts as true at this stage of the proceedings, the facts state a cognizable claim for medical deliberate indifference under the Eighth Amendment and Ravi is a state actor. (*Id.* at 1, 4-6). Addressing Defendant Ravi's statute of limitations argument, Plaintiff contends the relation back doctrine (the FAC filing date relates back to the time of the initial complaint) negates the limitations defense. (*Id.* at 1-2, 6-7).

**APPLICABLE LAW**

**Screening under PLRA**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion therein if a plaintiff raises claims that are legally frivolous, malicious, if the facts fail to state a claim upon which relief may be granted, or

3

if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). This Court has ruled that screening orders under § 1915 are appropriate irrespective of whether the complaint is filed by a pro se litigant or filed by counsel. *See Rojas v. Brown*, No. 1:17-cv-01514-DAD-JLT-PC, 2021 WL 4811180, at *1, 2018 WL 2128393 *2 (E.D. Cal. Oct. 15, 2021)(quoting *Parks v. Rolfing*, No. 2:15-cv-1505-CKD-P, 2018 WL 2128393, at *2 (E.D. Cal. May 9, 2018)(addressing screening on complaints filed by counsel and on amended complaints); *contra Simmons v. CDCR*, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014)(addressing defendants' request the court screen plaintiffs second amended complaint and noting screening orders are optional when plaintiffs proceed with counsel because counsel is held to Fed. R. Civ. P. 11).

Screening orders are also appropriate on amended complaints. *See Simmons*, 49 F. Supp. 3d at 701 (noting screening on first amended complaint); *Rojas v. Brown*, 2021 WL 4811180 *1 (the assigned magistrate judge screened Plaintiff's second amended complaint); *Lucas v. Director of the Dep't of Corr.*, No. 2:14-cv-0590-DAD-P, 2015 WL 1014037 (E.D. Cal. March 6, 2015)(screening first amended compliant); *Williams v. Baker*, 487 F. Supp. 3d 918, 921 (E.D. Cal. 2020)(noting court's continuing obligation to screen for failure to state a claim under the PLRA).

To the extent Defendant Ravi moves to dismiss the FAC due to lack of service of process, service of process is contingent on issuance of this screening order under § 1915. *See e.g. Hollis v. Santoro*, No. 1:16-cv-01683-DAD-BAM (PC)(E.D. Cal. Jan. 5, 2017), 2017 WL 68330, *1. Thus, the lack of service of process on the FAC in this case is because a screening order has not yet issued. Defendant's motion to dismiss is premature and as such will be denied, without prejudice. *See Gibbons v. Arpaio*, 2007 WL 2990151, *2 (D. Az. Oct. 11, 2007)(dismissing a motion to dismiss as premature when filed before screening order issued). After the Court issues a screening order on the FAC and service is directed, Defendant Ravi may choose to re-file a motion to dismiss, if deemed appropriate, at that time.

Accordingly, it is **ORDERED**:

1. Defendant Ravi's motion to dismiss (Doc. No. 49) is premature and therefore denied,

without prejudice.  Based on the foregoing, Defendant's request to take judicial notice (Doc. No. 51) in support of the motion to dismiss is also denied, without prejudice.

      2.  The motion to consolidate (Doc. No. 54) is deferred until the Court screens the operative pleading and service is effectuated upon Defendants as appropriate.

      3.  A screening order on the FAC will be forthcoming.

Dated:   October 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE