1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISRAEL RIOS,                                    Case No.  2:20-cv-00146-ADA-HBK (PC)

12                    Plaintiff,
                                                     ORDER REAPPOINTING COUNSEL
13            v.

14   NP JOSEPH DRAGON, ET. AL.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeds on his First Amended Complaint as screened.  (Doc. Nos.

18   46, 63).  A related action remains pending in case number 1:19-cv-01009-ADA-HBK (E.D. Cal.

19   2019) ("first filed case").  In the first filed case, Plaintiff had filed objections to a findings and

20   recommendations, which the Court construed to include a motion to appoint counsel in the first

21   filed case and indicated that the Court may have mistakenly relieved previously appointed

22   counsel in the instant action.[1]   (*See* Case No. 1:19-cv-01009-ADA-HBK, Doc. Nos. 33, 37).

23          While the United States Constitution does not require the appointment of counsel in a civil

24   case, motions to appoint counsel may be granted when "exceptional circumstances" exist.  *See*

25   *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

26   create a right to appointment of counsel in civil cases); *see also United States v. McQuade*, 519

27

28   _____

[1] The Court relieved counsel in an order dated August 19, 2022.  (Doc. No. 60)(citing Doc. No. 53 at 3).

F.2d 1180, 81 (9th Cir. 1978).  Further, the court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se considering the complexity of the legal issues involved.  *McQuade*, 519 F.2d at 1181; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the Court finds exceptional circumstances exist.  A complicated motion to consolidate cases remains pending in both the first filed and in the instant actions.  And, the previously assigned magistrate judge had found exceptional circumstances for a limited appointment, selecting Carter C. White and the King Hall Civil Rights Clinic from the Court's pro bono attorney panel to represent Plaintiff for the limited purpose of filing the FAC. (Doc. No. 43).  Carter C. White agrees to being reappointed in this case to represent Plaintiff.

Accordingly, it is **ORDERED**:

The Court reappoints Carter C. White and King Hall Civil Rights Clinic as counsel in this action.  Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to appointment.

Dated:     November 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE